# GALLAGHER LAW PLLC

BRIAN K. GALLAGHER
----
ADMITTED NY & NJ

275 MADISON AVENUE
SUITE 616
NEW YORK, NY 10016
TELEPHONE: (212) 983-9700
TELECOPIER: (212) 983-9701

NEW JERSEY OFFICE
14 WOODWARD DRIVE
OLD BRIDGE, NJ 08857
TELEPHONE: (732) 360-2900

January 8, 2019

**VIA ECF AND E-MAIL**
Hon. Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re: White Lilly, LLC et al. v. Balestriere PLLC et al., 1:18-cv-12404 (ALC)

Dear Judge Carter:

This firm represents plaintiffs Jonathan Bernstein and White Lilly, LLC in the above-entitled matter. I write in response to Balestriere PLLC, Balestriere Fariello, and John Balestriere's (collectively, the "Balestriere Defendants") January 7, 2019 letter seeking leave to file motions to dismiss this action and to compel arbitration (the "Letter").[1]

It bears noting at the outset that the Balestriere Defendants affirmatively concede in their Letter that they took $1.4 million in escrowed funds for their own benefit, as alleged in the complaint. The Court already is in possession of documents clearly establishing that these were disputed funds that the Balestriere Defendants promised would remain in escrow until an agreement as to their distribution was reached by all relevant parties. (See Bernstein Dec. Ex. 8.) The Balestriere Defendants have, therefore, admitted to violating both their ethical duties as officers of the court and to breaching their own engagement agreement, thereby rendering a motion to dismiss an exercise in futility for this reason among many others.[2]

---

[1] For the sake of completeness, we note that plaintiffs submitted the instant motion for a temporary restraining order and preliminary injunction on January 3, 2018, because that was the deadline for Mr. Bernstein to provide certain information to the AAA in the arbitration he seeks to enjoin. While the Court has granted the Balestriere Defendants' application for an adjournment of the preliminary injunction hearing, the Court should also be aware that plaintiffs offered to adjourn the hearing as Defendants requested, provided that they agreed that they would not later contend that Mr. Bernstein should be prejudiced by the passage of a January 3 deadline. The Balestriere Defendants refused and informed us that they will attempt to use the passage of that deadline against Mr. Bernstein should this matter proceed in arbitration.

[2] Despite admitting this key allegation of the complaint, the Balestriere Defendants nonetheless sent a Rule 11 safe harbor letter that threatens sanctions against the Gallagher firm and its lawyers for bringing a "frivolous" complaint.

# GALLAGHER LAW PLLC

With respect to their proposed motion to compel arbitration, the Balestriere Defendants' Letter only underscores why this matter should be heard by a body that has the power to police the legal profession and not in private arbitration. For example, the Letter categorically states at page 4 that Mr. Bernstein signed the initial engagement agreement with the Balestriere firm "in his personal capacity" rather than as a representative of White Lilly, and that the second amendment to the engagement agreement was "directed to [Mr.] Diaz Rivera." However, Mr. Bernstein contemporaneously crossed out the language in the signature block indicating that he was signing the initial engagement agreement on his own behalf, and the second amended engagement agreement manifestly was addressed to White Lilly and affirmatively states that White Lilly (rather than Mr. Bernstein) was party to it and the earlier engagement agreements. (See Bernstein Dec. Ex. 4, 6.) Put more bluntly, the Balestriere Defendants' representations to this Court are at odds with the factual record even at this nascent stage of the case.

More generally – and perhaps more tellingly – multiple federal courts have found that the Balestriere firm has engaged in wrongful and even fraudulent conduct. For example, Judge Cogan in the Eastern District just recently imposed sanctions of $20,000 against the firm for bringing frivolous claims against a fellow member of the bar. The Balestriere firm also is being sued for ethical violations in a separate action filed last month in the Southern District. Indeed, it is our understanding that there are at least three pending actions against the Balestriere firm that allege improper conduct by its attorneys. These most recent actions follow the *CMA* case (and others) referred to in the instant complaint, in which Judge Dolinger found that the Balestriere firm had, as in this case, improperly invaded an escrow account, participated in a fraud and is, in the Court's words, "ethically challenged."

Plaintiffs submit that the recidivist conduct at issue in this case belongs before a body that, unlike an arbitrator, has the authority to address conduct that may bring both harm to the unsuspecting public and disrepute to the legal profession. We respectfully request that the Court deny the Balestriere Defendants' request to file motions to dismiss this action or to compel arbitration.

Respectfully,

Brian K. Gallagher

cc: (Via ECF)
Jillian McNeil, Esq.
Joseph L. Francoeur, Esq.